1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS HORNE,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant.

CASE NO. 3:17-CV-05861-DWC

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

Plaintiff Thomas Horne, proceeding *in forma pauperis* with retained counsel, filed this

action allegedly challenging the final decision of the Acting Commissioner of the Social Security

Administration ("Commissioner"), which denied him disability insurance benefits ("DIB"). *See*

Dkt. 4. Currently before the Court is Defendant's Motion to Dismiss, which requests the Court

dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 7, 8.

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13,

the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See*

Dkt. 2.

The Court concludes it lacks jurisdiction to review the Commissioner's decision.

Accordingly, the Court grants Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff filed this case challenging the final decision of the Commissioner, which denied him DIB. Dkt. 4. On December 26, 2017, Defendant filed the Motion to Dismiss, asserting the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 7. Plaintiff, who is represented by counsel, did not file a response to the Motion to Dismiss.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for the dismissal of a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12. The court must dismiss a complaint under Rule 12(b)(1) if, viewing the factual allegations in the light most favorable to the plaintiff, the underlying action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see also* 28 U.S.C. § 1331 (federal question jurisdiction).

When considering a Rule 12(b)(1) motion to dismiss, the court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 2008) (citations omitted), *cert. denied* 489 U.S. 1052 (1989). Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Therefore, the plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Id.*

**DISCUSSION**

In the Complaint, Plaintiff alleges he is challenging Administrative Law Judge ("ALJ") David Johnson's July 1, 2015 decision declining to reopen Plaintiff's previous applications for benefits and dismissing his request for a hearing. *See* Dkt. 4, 7. Defendant contends the ALJ's decision was not a final decision subject to review by this Court. Dkt. 7.

"Cases arising under the Social Security Act generally are not subject to review unless they challenge a "'final decision of the Secretary made after a [statutorily mandated] hearing.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting *Califano v. Sanders*, 430 U.S. 99, 108 (1977)). The Commissioner may apply administrative res judicata "to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior application." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). Once an administrative decision becomes final, the Commissioner's decision to reopen a disability claim is "purely discretionary." *Taylor v. Heckler*, 765 F.2d 872, 877 (9th Cir. 1985). Because a discretionary decision is not a "final decision" within the meaning of 42 U.S.C. § 405(g), the Commissioner's refusal to reopen a decision "is not a 'final' decision subject to judicial review." *Id.* (citations omitted); *Lester*, 81 F.3d at 827 ("As a general matter, the Commissioner's refusal to reopen her decision as to an earlier period is *not* subject to judicial review.").

The Court can review a decision to not reopen a prior application if the "denial of a petition to reopen is challenged on constitutional grounds." *Califano*, 430 U.S. at 109. Additionally, the Court has jurisdiction over a decision to not reopen "where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period." *Lester*, 81 F.3d at 827; *see also Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). If "such a de facto reopening occurs, the Commissioner's decision as to the prior period is subject

to judicial review." *Lester*, 81 F.3d at 827. However, "where the discussion of the merits is followed by a specific conclusion that the claim is denied on res judicata grounds, the decision should not be interpreted as re-opening the claim and is therefore not reviewable." *Krumpelman v. Heckler*, 767 F.2d 586, 589 (9th Cir. 1985) (*citing McGowen v. Harris*, 666 F.2d 60, 68 (4th Cir. 1981)).

Here, the ALJ, applying the doctrine of *res judicata*, denied Plaintiff's request for a hearing regarding his April 7, 2014 application. Dkt. 8, p. 9. The ALJ noted that Plaintiff previously filed applications for DIB and supplemental security income ("SSI"), which were denied on May 17, 2012. *See id.*; *see also* Dkt. 9, Chung Dec., ¶ 4(a). The ALJ stated he compared the evidence considered in reaching the May 2012 determination with the evidence relating to Plaintiff's 2014 claim. Dkt. 8, pp. 9-10. "Based on this comparison," the ALJ found there was no new or material evidence and determined the doctrine of *res judicata* applied to Plaintiff's 2014 claim. *Id.* at p. 10. "Because the doctrine of *res judicata* applie[d]," Plaintiff's request for a hearing was denied. *Id.*

As the ALJ's July 2015 decision was a decision declining to reopen Plaintiff's previous claims, this is not a "final decision." Plaintiff does not allege his due process rights were violated. *See* Dkt. 4. Additionally, Plaintiff does not assert, nor does the Court find, the ALJ's decision was a "de facto reopening." *See* Dkt. 4. The Court notes Plaintiff did not file a response to Defendant's Motion to Dismiss. The Court concludes it does not have jurisdiction to review the ALJ's July 1, 2015 decision declining to reopen Plaintiff's previous applications and denying Plaintiff's request for a hearing.

**CONCLUSION**

As the Court lacks jurisdiction to review the ALJ's July 1, 2015 decision, Defendant's

Motion to Dismiss is granted.

Dated this 15th day of February, 2018.

_David W. Christel_
David W. Christel
United States Magistrate Judge